CALDWELL LESLIE & PROCTOR, PC
LINDA M. BURROW, State Bar No. 194668
burrow@caldwell-leslie.com
ERIC S. PETTIT State Bar No. 234657
pettit@caldwell-leslie.com
1000 Wilshire Blvd., Suite 600
Los Angeles, California  90017-2463
Telephone:  (213) 629-9040
Facsimile:  (213) 629-9022

Attorneys for Plaintiffs
UNIVERSAL STUDIOS INTERNATIONAL B.V.
and UNIVERSAL CITY STUDIOS
PRODUCTIONS LLLP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL STUDIOS INTERNATIONAL B.V., a Netherlands company, and UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, a Delaware Limited Liability Limited Partnership,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TISCALI ITALIA S.p.A., an Italian corporation<br><br>　　　　Defendant. | Case No.<br><br>**CV09-03492 SJO AJWx**<br><br>**COMPLAINT FOR BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

BY ———

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

2009 MAY 15  PM 4:01

FILED

CALDWELL
LESLIE &
PROCTOR

COMPLAINT

Plaintiffs, UNIVERSAL STUDIOS INTERNATIONAL, B.V. ("USI"), and UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP ("UCSP"), for their Complaint against Defendant TISCALI ITALIA S.p.A., ("TISCALI") allege as follows:

## NATURE OF THE ACTION

1.     This is a civil action for breach of contract arising primarily out of Defendant TISCALI's anticipatory repudiation of its agreement to license films owned or exclusively licensed by UCSP and distributed by USI for exhibition in Italy via "Video-On-Demand" (the "VOD License Agreement") by unilaterally, and without prior warning, shutting down its Video-On-Demand service and thus ceasing all distribution and exploitation of Plaintiffs' films.

2.     Plaintiff USI stood ready, willing, and able to continue performing its obligations under the VOD License Agreement, and repeatedly informed TISCALI of that fact in writing.

3.     Notwithstanding USI's efforts to resolve the matter without resort to litigation, Defendant TISCALI refused to respond to demands by USI to retract its repudiation and cure its breach. TISCALI left Plaintiffs no choice but to bring this action to enforce their rights under the VOD License Agreement.

## PARTIES

4.     Plaintiff USI is a Netherlands company with its principal place of business in Amsterdam, the Netherlands. Among its many activities, USI is in the business of distributing filmed entertainment products for exhibition on television outside of the United States, including throughout Europe.

5.     Plaintiff UCSP is a Delaware limited liability limited partnership domiciled in Delaware and Universal City, California, the sole partner of which also is domiciled in Delaware and Universal City, California. UCSP owns the copyright and/or other exclusive rights in certain filmed entertainment products, which USI distributes in certain markets outside the United States. Because it owns or holds

CALDWELL
LESLIE &
PROCTOR

-1-

exclusive rights in the filmed entertainment products which are the subject of the VOD License Agreement, UCSP is an intended third-party beneficiary of the VOD License Agreement.

6. Plaintiffs are informed and believe, and on that basis allege, that Defendant TISCALI is a corporation organized under the laws of Italy with its principal place of business in Cagliari, Italy. Plaintiffs are further informed and believe that TISCALI is a telecommunications company that, among other services, offers Video-On-Demand service to its customers. According to Exhibit A to the VOD License Agreement, "Video-On-Demand" or "VOD" "means the encrypted transmission of a single motion picture or single program …in respect of which a separate fee is charged to such recipients solely for the privilege of having the ability to view a single exhibition (or multiple exhibitions, unless otherwise specific by Licensor)…." (Agmt., Exh. A at A-5).

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a)(2) because the amount in controversy is more than $75,000 and because UCSP is a resident of Delaware and California and USI and TISCALI are citizens of foreign nations.

8. Venue is proper in this Court because Plaintiffs' claim is based on a written agreement with Defendant TISCALI in which the parties expressly agreed that "[a]ll actions and proceedings arising out of or relating to this Agreement shall be heard and determined in any federal court sitting in the County of Los Angeles, California, unless there is no federal court jurisdiction, in which case the action or proceeding shall be heard and determined in any state court sitting in the County of Los Angeles, California, and the parties hereby irrevocably submit to the jurisdiction of such courts in any such action or proceeding and irrevocably waive the defenses of improper venue and inconvenient forum." (Agmt., § 18(f)).

CALDWELL
LESLIE &
PROCTOR

-2-

COMPLAINT

9. In addition, venue is proper in this Court under 28 U.S.C. § 1391(a)(1) because Defendant TISCALI is deemed to reside in the Central District of California pursuant to 28 U.S.C. § 1391(c).

## FACTUAL BACKGROUND

### USI and TISCALI Enter Into The VOD License Agreement

10. USI and TISCALI entered into the VOD License Agreement on May 23, 2008. The four-year agreement provides the terms under which USI granted to TISCALI a non-exclusive, non-transferable license to exhibit certain of its film titles on TISCALI's VOD service. The VOD License Agreement provides an initial term of three years, and gives USI the unilateral option to extend the term by one additional year if USI and TISCALI have not executed by the last day of Year 1 an agreement pursuant to which TISCALI distributes a USI-branded, feature film subscription video-on-demand service containing minimum guaranteed license fees. (Agmt., § 2).

11. In exchange for the license granted by USI, TISCALI promised "to make available for exhibition each Licensed Film in its entirety in the Authorized Version during its License Period on a VOD basis as part of the VOD Service to Subscribers in the Territory via Authorized Networks delivered via a set-top box to a television set." (Agmt., § 3(a)). TISCALI agreed to pay license fees to USI in connection with these exhibitions, and guaranteed that "[e]ach Authorized Network shall at all times carry the VOD Service, and at least one Authorized Network shall be in commercial operation at all times from and after the Start Date through the end of the Term." (Agmt., § 3(a)).

12. Pursuant to Section 5 of the VOD License Agreement, TISCALI is obligated to pay an Annual Minimum Flat Fee of one hundred and seventy-five thousand dollars ($175,000) for Year 1 of the Agreement (commencing July 1, 2008), two hundred and twenty-five thousand dollars ($225,000) for Year 2 (commencing July 1, 2009), three hundred and twenty-five thousand dollars

CALDWELL
LESLIE &
PROCTOR

-3-

($325,000) for Year 3 (commencing July 1, 2010), and four hundred fifty thousand dollars ($450,000) for Year 4 (commencing July 1, 2011) if USI exercises its unilateral option to extend the term pursuant to Section 2 of the VOD License Agreement. (Agmt., § 5(c)). TISCALI is obligated to pay the "Annual Minimum Flat Fee for each Year of the Output Term … no later than thirty (30) days before the commencement of such Year." (Agmt., § 6(a)). Section 5 further provides that, if the aggregate license fees (as calculated per the formulas set forth in that section) exceed the Annual Minimum Flat Fee, then TISCALI will pay those excess fees within 45 days of the end of the month in which the fees were incurred. (Agmt., § 6(a)). TISCALI timely paid the Annual Minimum Flat Fee for Year 1 of the Agreement.

13. The VOD License Agreement contains certain representations and warranties. Specifically, TISCALI represented and warranted that "(iii) it shall perform its obligations hereunder in compliance with applicable laws, rules and regulations …(iv) this Agreement is a valid and binding obligation of Licensee, and (v) it has, or shall have, all necessary rights to any equipment or technology used to provide the delivery, transmission, retransmission, compression and encryption services necessary to exercise its rights and perform its obligations hereunder…." (Agmt., § 14(b)).

14. The VOD License Agreement grants USI the right to terminate the agreement in the event that "(i) [TISCALI] breaches any of its payment obligations hereunder, and fails to cure any such breach within ten (10) calendar days after notice thereof; (ii) [TISCALI] breaches any of its technical security obligations hereunder and fails to cure any such breach within five (5) business days after notice thereof"; or (iii) TISCALI breaches any other applicable representation, warranty, or covenant "and fails to cure such breach within fifteen (15) calendar days after notice thereof …." (Agmt., § 15(a)). In the event that USI terminates the VOD License Agreement as a result of TISCALI's breach, then it has the right to "declare all

CALDWELL
LESLIE &
PROCTOR

-4-

License Fees and other monies due or to become due hereunder but for such termination immediately due and payable, and [TISCALI] shall immediately pay such amount." (Agmt., § 15(c)).

15. The VOD License Agreement was made for UCSP's benefit in that UCSP owns the copyrights and/or other exclusive rights in the Licensed Films, UCSP shares in the revenue derived from the VOD License Agreement, and the distribution of UCSP's Licensed Films in Italy will enhance its value. Plaintiffs are informed and believe, and on that basis allege, that, at the time of the VOD License Agreement, TISCALI was aware that UCSP owns or holds rights in the Licensed Films.

### TISCALI Improperly Repudiates the VOD License Agreement

16. On December 30, 2008, after paying the Annual Minimum Flat Fee for Year 1 as required under the VOD License Agreement, TISCALI abruptly announced in a letter to USI that it was suspending "any delivery, distribution and utilization of any kind of the video and related contents which the Agreement is referred to."

17. TISCALI did not provide any explanation for its suspension of the performance of its obligations under the VOD License Agreement, nor did it provide any justification for its unilateral repudiation of the contract.

### USI Demands That TISCALI Cure Its Breach
### And Confirms Its Willingness To Perform

18. USI formally responded in writing to TISCALI's December 30, 2008 letter on January 22, 2009. USI notified TISCALI that "[t]he December 30th Letter and the actions that Tiscali has since taken constitute a breach of the License Agreement" including TISCALI's obligations to operate a VOD service (Agmt., § 3(c)) and to make USI's films available for exhibition on that service (Agmt., § 3(a)). USI further notified TISCALI that TISCALI's failure to perform would also result in a breach of TISCALI's payment obligations pursuant to Section 9(a) of the

CALDWELL
LESLIE &
PROCTOR

-5-

VOD License Agreement. Finally, USI notified TISCALI that it was in breach of Section 9(d) of the VOD License Agreement, which requires TISCALI to pay all direct and indirect costs of "transmission masters, advertising and other materials and all marketing and other costs related to the performance of" the VOD License Agreement (Agmt., § 9(d)), because it had failed to make "payments to Fotokem (in the amount of $7758.11) and Technicolor (in the amount of £8398.26) for the costs of transmission masters." USI therefore demanded that TISCALI cure its breaches no later than by the close of business on February 6, 2009.

19. USI did not receive a response from TISCALI to its January 22, 2009 letter until February 24, 2009, when TISCALI sent USI an e-mail requesting a conference call to discuss next steps. That conference call took place on March 2, 2009, during which TISCALI communicated that it would send USI a settlement proposal with respect to the remaining license fees and obligations under the agreement. USI received no settlement proposal from TISCALI, despite USI's repeated attempts to follow up with TISCALI after the March 2, 2009 conference call. Thereafter, although it had already satisfied its notice obligations to TISCALI, USI sent a second demand letter to TISCALI on May 7, 2009, in which it expressly reconfirmed its continuing ability and willingness to perform its obligations under the VOD License Agreement, renewed its demand that TISCALI immediately retract its repudiation of the agreement and cure all breaches, and gave TISCALI an opportunity of five business day to cure.

20. As of the filing of this lawsuit, USI has not received any response from TISCALI to its second demand letter.

21. Plaintiffs are informed and believe, and thereon allege, that TISCALI has terminated and ceased operating the VOD Service as that term is defined in the VOD License Agreement, and thus has placed the ability to perform outside of its control and made its compliance with the VOD License Agreement impossible.

CALDWELL
LESLIE &
PROCTOR

-6-

## FIRST CAUSE OF ACTION

### (Breach of Contract – Anticipatory Repudiation)

22. Plaintiffs incorporate herein by reference the allegations in Paragraphs 1 through 21 hereof, inclusive.

23. USI and TISCALI are parties to the VOD License Agreement, pursuant to which TISCALI agreed, among other things, to pay license fees, in an amount no less than the Annual Minimum Flat Fee, in exchange for the nonexclusive right to license certain entertainment products for exhibition on TISCALI's Video-On-Demand service in Italy. (*See* Agmt., §§ 2,3, and 5). UCSP is a third-party beneficiary of the VOD License Agreement.

24. In addition to its express terms, the VOD License Agreement contains an implied covenant of good faith and fair dealing on the part of TISCALI, pursuant to which TISCALI is obligated to treat USI fairly and in good faith, to do nothing to deprive USI of the benefits of the VOD License Agreement, and to do everything that the VOD License Agreement presupposed TISCALI would do to accomplish its purpose.

25. USI has performed in accordance with the terms and conditions of the VOD License Agreement, except for those conditions, covenants, obligations or promises that were waived, excused, or prevented by TISCALI. USI has satisfied each and every condition precedent under the VOD License Agreement for commencing suit against TISCALI.

26. TISCALI has materially breached the VOD License Agreement by unequivocally and repeatedly repudiating its contractual obligations thereunder. TISCALI demonstrated its repudiation of the contract by clearly and positively indicating by its words and conduct as alleged in Paragraphs 1 through 21 hereof that it would not and will not meet the requirements of the VOD License Agreement.

CALDWELL
LESLIE &
PROCTOR

-7-

COMPLAINT

27.    In addition, by terminating the VOD Service as alleged in Paragraph 21 hereunder, TISCALI has placed the ability to perform outside of its control and thus made its compliance with the contract impossible.

28.    USI has consistently expressed its continuing ability and willingness to fulfill the terms of the VOD License Agreement, even after TISCALI clearly and positively informed USI that it was suspending its own performance.  USI communicated its willingness to perform to TISCALI on multiple occasions, most recently in its second demand letter to TISCALI dated May 7, 2009.

29.    TISCALI has ceased all discussions with USI toward the launch of the USI-branded, feature film subscription video-on-demand service.  Plaintiffs are informed and believe, and thereon allege, that TISCALI has ceased all preparations for such launch and that TISCALI does not intend to enter into an agreement by June 30, 2009 regarding TISCALI's distribution of such service.  Thus on July 1, 2009, USI intends to exercise its unilateral option to extend the VOD License Agreement by one year and TISCALI will be obligated to pay the Annual Minimum Flat Fee for Year 4.  Plaintiffs have suffered actual and consequential damages as a direct and proximate result of TISCALI's anticipatory breach of the VOD License Agreement in an amount to be proven at trial, but in any event no less than $1,000,000 plus prejudgment interest at the highest rate allowed by law, as well as their fees and costs incurred in enforcing the terms of the VOD License Agreement.

CALDWELL
LESLIE &
PROCTOR

-8-

COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs hereby pray that judgment be awarded in their favor and against Defendant as follows:

1.     For damages in an amount to be proven at trial, but in any event not less than $1,000,000, plus interest, based on TISCALI's anticipatory repudiation and breach of the VOD License Agreement;

2.     For all legal fees and costs of suit to which Plaintiffs are entitled by law; and

3.     For such other and further relief as the Court deems appropriate and just.

DATED:  May 15, 2009                    Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC


By_____
      LINDA M. BURROW
Attorneys for Plaintiff
UNIVERSAL STUDIOS
INTERNATIONAL, B.V. and
UNIVERSAL CITY STUDIOS
PRODUCTIONS LLLP

CALDWELL
LESLIE &
PROCTOR

-9-

COMPLAINT

# DEMAND FOR TRIAL BY JURY

Plaintiffs Universal Studios International B.V. and Universal City Studios Productions LLLP hereby request a trial by jury on each cause of action alleged in the Complaint.

DATED:  May 15, 2009

Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC

By_____
        LINDA M. BURROW
Attorneys for Plaintiff
UNIVERSAL STUDIOS
INTERNATIONAL, B.V. and
UNIVERSAL CITY STUDIOS
PRODUCTIONS LLLP

CALDWELL
LESLIE &
PROCTOR

-10-

COMPLAINT